McGREGOR W. SCOTT
United States Attorney
MICHELLE RODRIGUEZ
Assistant U.S. Attorney
501 I Street, 10th Floor
Sacramento, California 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,          )<br>                                    )<br>            Plaintiff,              )<br>     v.                             )<br>                                    )<br>JEFFERSON NEWTON CALLAHAN,          )<br>                                    )<br>            Defendant.              )<br>_____) | CR. NO. 07-062-EJG<br><br><br><br>APPLICATION AND ORDER<br>RE:  MONEY JUDGMENT |

I.   APPLICATION

     On April 13, 2007, defendant Jefferson Newton Callahan was convicted, by guilty plea, as charged in a single count Information of Health Care Fraud in violation of 18 U.S.C. § 1347.

     As part of his plea agreement with the United States, defendant Callahan agreed to forfeit voluntarily and immediately $340,000, as a forfeiture money judgment pursuant to Fed. R. Crim. P. 32.2(b)(1).  The $340,000 amount reflects a reasonable compromise between the parties for forfeiture purposes concerning the proceeds the defendant obtained, directly or indirectly, as a result of his violation of 18 U.S.C. § 1347.  See Defendant Callahan's Plea Agreement ¶ II.5.

1    ACCORDINGLY, the United States hereby applies for entry of a
2 money judgment as follows.
3    1.  Pursuant to 18 U.S.C. § 982(a)(7) and Fed. R. Crim. P.
4 32.2(b)(1), the Court impose a personal forfeiture money judgment
5 against defendant Jefferson Newton Callahan in the amount of
6 $340,000.
7    2.  The $340,000 personal forfeiture money judgment be based
8 on defendant Jefferson Newton Callahan's conviction for violating
9 18 U.S.C. § 1347.  In this regard, the $340,000 amount reflects a
10 reasonable compromise between the parties for forfeiture purposes
11 concerning the proceeds the defendant obtained by fraud.  Also, in
12 this regard, the defendant agreed in his plea agreement and via
13 his guilty plea colloquy that the $340,000 amount is subject to
14 forfeiture based on his offense of conviction.
15    3.  Any funds applied towards the $340,000 money judgment
16 shall be forfeited to the United States and dispersed as provided
17 for by law.  Pursuant to his plea agreement, the defendant has
18 also agreed to forfeit any right, title, and interest he may have
19 in funds that the California Department of Health Services (DHS)
20 has impounded.
21    4.  On or about March 12, 2007, the United States received a
22 check in the amount of $100,000 from defendant Callahan, as
23 payment towards the $340,000 personal money judgment.  An
24 additional $100,000 is due on or before June 29, 2007.  The
25 remaining $140,000 shall be paid in $2,000 monthly payments due by
26 the 5th of each month starting July 5, 2007.  Payment should be
27 made in the form of cashier's checks made payable to the U.S.
28 Marshals Service and sent to the U.S. Attorney's Office, Att:

Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.  Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

5.  If payment of the $340,000 forfeiture money judgment is not received by the United States by the dates listed above, the U.S. Marshals Service shall be authorized to sell the real properties located at 29015 Warnick Road, Rancho Palos Verdes, California, APN: 7583-030-007 and 3401 E. Wilton Street, #205, Long Beach, California, APN: 7259-003-050, in the most commercially feasible manner, as soon as reasonably possible, for the maximum price.  The United States shall receive through escrow the net proceeds up to the balance owing on the $340,000 money judgment, less payments for costs of selling the properties, legitimate liens, and taxes that exist on the above-listed real properties.  Callahan shall receive all remaining amounts after payment of costs of sale, legitimate liens, taxes, and repairs or costs incurred by the U.S. Marshals Service.  Callahan shall maintain the real properties in the same condition and repair as existed as of February 26, 2007, normal wear and tear excepted, until he has paid the forfeiture money judgment, or vacated the premises.

DATED: April 27, 2007

McGREGOR W. SCOTT
United States Attorney

By: /s/Michelle Rodriguez
MICHELLE RODRIGUEZ
Assistant U.S. Attorney

///

3

II.  ORDER

HEREBY, for good cause shown, the Court imposes a personal forfeiture money judgment against defendant Jefferson Newton Callahan in the amount of $340,000.00.

The Court acknowledges the United States' receipt of $100,000.  An additional $100,000 is due on or before June 29, 2007.  The remaining $140,000 shall be paid in $2,000 monthly payments due by the 5th of each month starting July 5, 2007.

Prior to the imposition of sentence, any funds delivered to the United States to satisfy the personal money judgment shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

After imposition of sentence, any funds applied towards such judgment, upon receipt, shall be forfeited to the United States and dispersed as provided for by law.  Since the defendant, in his plea agreement, has agreed to forfeit any right, title, and interest in funds that the California Department of Health Services (DHS) has impounded, after imposition of sentence, the United States and DHS, under applicable law, shall disperse all such impound funds.

If payment of the $340,000 forfeiture money judgment is not received by the United States by the dates listed above, the U.S. Marshals Service shall be authorized to sell the real properties located at 29015 Warnick Road, Rancho Palos Verdes, California, APN: 7583-030-007 and 3401 E. Wilton Street, #205, Long Beach, California, APN: 7259-003-050, in the most commercially feasible
///

4

1 manner, as soon as reasonably possible, for the maximum price.
2 Disbursement of net proceeds from the sale of the real properties
3 shall be handled as stated in the above Application, ¶ 5.
4    IT IS SO ORDERED.
5 DATED: April 30, 2007          /s/ Edward J. Garcia_____
                                 HON. EDWARD J. GARCIA
6                                United States District Court Judge